UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES N. YANT,

    Plaintiff,

v.

MARGARET OULLETTE, et al.,

    Defendants.

_____/

Case No. 1:24-cv-702

Hon. Hala Y. Jarbou

# ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the magistrate judge's report and recommendation (R&R, ECF No. 48) that Defendants Jeffrey Bomber, Rickey Coleman, and Brent Simon's motion to dismiss Plaintiff James Yant's Eighth Amendment claims against them (Mot. to Dismiss, ECF No. 38) be granted as to Bomber and Coleman and denied as to Simon. Yant objects that his complaint plausibly alleged that Drs. Bomber and Coleman were indifferent to his medical needs by electing not to treat his chronic neck pain through facet joint injections and by not adopting an alternative treatment plan. (Objs., ECF No. 53.)

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court agrees with the magistrate judge's recommended disposition of Yant's claims against Drs. Bomber and Coleman and PA Simon. Accordingly, the motion to dismiss will be granted in part and denied in part.

The background to this lawsuit is known to the parties and need not be rehearsed here. For present purposes, it suffices to mention Yant's allegations about Drs. Bomber and Coleman's treatment of his chronic neck pain. The operative complaint contends without detailed substantiation that Drs. Bomber and Coleman "personally ma[de] decisions on whether or not prisoners receive[d] treatment, including deciding to refuse pain treatment" to Yant. (Am. Compl. ¶¶ 16–17, ECF No. 16.) The only reference in the complaint to either doctor's involvement in Yant's health care is their allegedly rejecting the treatment proposed by a doctor unaffiliated with the Michigan Department of Corrections (MDOC) in June 2023, which consisted in making facet joint injections at the cervical vertebrae and prescribing naproxen (that is, Aleve) to manage Yant's neck pain. (Am. Compl. ¶ 40; ECF No. 1-9, PageID.65.) According to Yant, at a follow-up meeting with PA Simon in July, PA Simon relayed Dr. Coleman's rejection of the other doctor's proposal, and he represented that both he and Dr. Bomber agreed with Dr. Coleman's assessment. (Am. Compl. ¶ 41.) Yant alleges that the reason PA Simon gave for not prescribing naproxen—that the medication could cause Yant, who suffers from gastroesophageal reflux disease, to bleed in his stomach—was unsupported by fecal occult blood tests. (*Id.*) Yant appears to attribute PA Simon's failure to pursue alternative treatments to Drs. Bomber and Coleman's rejection of the non-MDOC physician's proposal.

The magistrate judge found Yant's allegations against Drs. Bomber and Coleman insufficient to state a claim that they were deliberately indifferent to his medical needs in contravention of the Eighth Amendment. (R&R 11.) Pointing to the medical records appended to Yant's original complaint, the magistrate judge noted that the doctors did not reject facet joint injections categorically, but wanted to conduct more tests before proceeding to injections that were somewhat risky and of uncertain long-term benefit. (*Id.*; *see* Simon Records, ECF No. 1-10,

PageID.77.) Because the doctors' treatment decision was based on an exercise of medical judgment, the magistrate judge concluded that they could not plausibly be accused of deliberate indifference. Consequently, the magistrate judge recommended granting the doctors' motion to dismiss. (R&R 11.) Yant timely objected to the R&R (Objs. 16), and Drs. Bomber and Coleman and PA Simon responded in support of the magistrate judge's recommended disposition (ECF No. 55).

In the main, Yant's objections rehash his arguments against dismissal and are not specific to the decisions of Drs. Bomber and Coleman. None of Yant's objections addresses the R&R's finding that the decision not to give Yant facet joint injections or restart him on naproxen was based on the doctors' medical expertise. Yant contends that he was denied all pain medications other than acetaminophen (Objs. 9), but this statement is flatly contradicted by the medical records Yant himself submitted. Dr. Bomber suggested that Yant be placed on duloxetine or amitriptyline for pain management instead of an NSAID like naproxen, and it was Yant who declined to switch to those alternatives when they were presented to him. (Simon Records, PageID.77.) Yant cannot reject treatments offered to him and then accuse his doctors of refusing to treat him because they did not prescribe the medication he preferred.

Yant also objects that the doctors' proposed treatment— proposing that Yant explore pain medications other than NSAIDs and waiting for Yant's test results before commencing facet injections—amounted to no treatment at all. (Objs. 11.) Safe and effective health care often involves diagnostic testing before medical providers embark on treatments that pose risks to a patient's health. Nothing in Yant's complaint or his medical records indicates that his doctors' hesitation to start him on naproxen or to inject steroids into his spinal joints was not rooted in salutary precaution.

Finally, Yant objects that Drs. Bomber and Coleman also rejected treatments that prior medical providers indicated could alleviate his neck pain, such as physical therapy, ice therapy, and interventional procedures such as surgery. (Objs. 13.) Yant's objection fails in the first instance because neither his complaint nor his medical records show that either doctor was aware of these other treatments options or that either was involved in deciding whether to dispense them to Yant. It also fails to the extent it relies on the deteriorating condition of Yant's cervical vertebrae as indicative of the doctors' failure to treat him. (*Id.* at 15.) Yant did not request surgery to fix his neck pain in 2023, and his complaint lacks any allegation that surgery would have been medically appropriate at that stage in the degeneration of Yant's spinal disks. Still less does Yant allege that Drs. Bomber and Coleman deliberately prevented Yant from getting surgery they knew he needed. Yant's objection draws no concrete connection between the treatment decisions of Drs. Bomber and Coleman in 2023 and the diagnosis Yant received in 2025. (Objs. 14–15.)

Taken together, Yant's objections do not engage with, let alone undermine, the R&R's finding that Drs. Bomber and Coleman's treatment decisions in June–July 2023 were grounded on considered medical judgments. Accordingly, the doctors are entitled to the dismissal of Yant's claims against them. The claim against PA Simon will be allowed to proceed.

**IT IS ORDERED** that the magistrate judge's report and recommendation (ECF No. 48) is **APPROVED AND ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff James Yant's objections to the report and recommendation (ECF No. 53) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants Jeffrey Bomber, Rickey Coleman, and Brent Simon's motion to dismiss (ECF No. 38) is **GRANTED** as to Drs. Bomber and Coleman, **DENIED** as to PA Simon, and **DENIED AS MOOT** as to Yant's retaliation claim, which was

dismissed by this Court's screening order (ECF No. 7). Yant's claims against Drs. Bomber and Coleman are dismissed; his Eighth Amendment claims against PA Simon and nonmovant Margaret Oullette remain pending.

Dated: December 26, 2025                     /s/ Hala Y. Jarbou
                                                           HALA Y. JARBOU
                                                           CHIEF UNITED STATES DISTRICT JUDGE